WR-79,183-01,02
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 9/26/2016 9:43:45 AM
Accepted 9/26/2016 10:19:28 AM
ABEL ACOSTA
CLERK

RECEIVED
COURT OF CRIMINAL APPEALS
9/26/2016
ABEL ACOSTA, CLERK

IN THE COURT OF CRIMINAL APPEALS
FOR THE STATE OF TEXAS

EX PARTE:                           *
                                    *   No.79,183-01 & 02
                                    *   Trial Court 19333-A
                                    *
KIMBERLY GORE BROWN                 *


SUGGESTION FOR RECONSIDERATION OF
APPLICATION FOR WRIT OF HABEAS CORPUS

NOW COMES KIMBERLY GORE BROWN, applicant herein, and requests the
Court reconsider the Order denying applicant's writ of habeas corpus, and remand the
case for further proceedings in the trial court, or enter an Order granting relief, and in
support thereof would show the Court as follows:

*Prior Proceedings*

Applicant filed an Application for Writ of Habeas Corpus with the Trial Court
pursuant to Art. 11.07, TEX. CODE CRIM. PROC. That application attacked her
conviction out of the 88th District Court of Hardin County, Texas. On September 11,
2013, this Court denied relief without written order.

Applicant was convicted under two separate indictments of intoxication
manslaughter, and sentenced in each cause to twenty years confinement, with the
sentences to run concurrently. Applicant filed an Application for Writ of Habeas in each
case, alleging that her trial counsel erroneously told her that she would be eligible for
parole when her actual time served plus good conduct time equaled one-half of her

sentence. On April 10, 2013, this Court entered an Order remanding the case to the trial court to make findings of fact and conclusions of law "as to whether counsel's advice on parole eligibility was deficient and, if so, whether applicant would have pleaded not guilty but for this advice." The trial court submitted a letter to this Court, and entered Findings of Fact on August 12, 2013, which adopted the findings set forth in that letter.

*Trial Court Findings*

Following the remand, applicant's trial counsel filed an affidavit. In that affidavit, he stated that he told applicant she would never be paroled because MADD would be at every parole hearing. He also stated that applicant was confused about the deadly weapon language in the court's charge, and that he told applicant that she should would have to serve "½ of her sentence day for day." That advice was contrary to the court's charge, which erroneously stated that she would be eligible for parole when her actual time plus good conduct time equals one-half of the sentence imposed or 15 years, whichever was less.

In the affidavit she submitted with her application, applicant claimed that her lawyer discussed the availability of good conduct time with the Assistant District Attorney, Dallas Barrington. According to applicant, she heard Mr. Barrington confirm that she would be eligible for good time credits, and pointed to the court's charge as

confirmation.[1] Mr. Barrington did not file an affidavit with the trial court addressing this claim, so there was nothing which contradicted that claim.

The Court set forth its findings of fact in a letter dated August 9, 2013. In that letter, the court referenced the affidavit of applicant's trial counsel, and found that counsel's advice on parole eligibility "was not deficient." The court also found that applicant would have pled guilty in any event because of the "generous offer" made by the State.

*Reasons for Reconsideration*

The Court did not have all the evidence before it, which included evidence that directly contradicted the trial court's findings, as well as called into question the credibility of trial counsel's evidence.

*Failure to consider evidence*

In the trial court's letter – which formed the basis for the findings of fact – the Court indicated that it considered the transcript of the guilty pleas, along with affidavits from Mr. Horka, and the current District Attorney, David Sheffield. There is no indication that the Court considered other documents, which would have included the transcript of a hearing on an Application for Writ of Habeas Corpus.

Applicant originally pled guilty in September, 2013, but a jury could not be selected. The Court declared a mistrial, and when it did, it revoked applicant's bond. She subsequently filed an application for writ of habeas corpus, seeking to have the bond re-

---

[1] There is no dispute that the court's charge instructed the jury that applicant was eligible for good time credits.

instated. A hearing was conducted on that application on September 14, 2009, and several people testified, including applicant. (See entry on docket sheet attached as "Exhibit "A"") At that hearing, applicant was questioned about the history of the case, and the offers that had been made. Applicant admitted that she had originally turned down an offer of 30 years, and shortly before trial turned down an offer of 20 years "because it was the maximum." That exchange clearly indicates that applicant was reluctantly pleading guilty, and that the final offer was not as "generous" as it might appear. They had already offered 20 years, which was what she ultimately received.

In its "Findings", the trial court concluded that, even if the advice concerning parole was deficient, she "would have plead guilty under the generous plea bargain offered by the State." The Court found that given the egregious facts of the case, applicant faced the possibility of being tried on both indictments and being sentenced to a total of 40 years, and that the plea offer reduced her "risk in half." However, as acknowledged in the testimony – which was not contradicted – she had already turned down a plea offer that reduced her risk in half. Had the transcript of that hearing been before this Court, applicant suggests its decision may have been different.

*Credibility of trial counsel's statements*

**a) Statements concerning applicant's desire to not appeal**

Applicant suggests that there are other documents in the court's file which call the credibility of applicant's trial counsel into question, and provide a reason for the court to re-consider its previous decision. In his affidavit, counsel made the following statements:

After the verdict was handed down Ms. Brown and I visited about what her feelings were and she said she did not want to appeal (I told her she would have to let the court know). I told her if she decided to appeal her case she had to let the court know and I would not be handling it, but I would file the notice if she let me know she changed her mind.

Applicant was sentenced on October 19, 2009, and therefore Notice of Appeal, would have been due by November 19, 2009. Documents in the Clerk's file show that in June of 2010, applicant contacted the court asking about the Status of her appeal. (Exhibit "B") She was advised that no appeal had been filed, and that she should contact her lawyer. She followed up with a letter to the judge dated August 11, 2010, stating she had been unable to contact her lawyer. (Exhibit "C") She repeated the claim that she told him she wanted to file an appeal at sentencing, and that he assured her he would do so. The Court responded in a letter dated September 1, 2010, stating that he had sent a copy of the letter to her lawyer. (Exhibit "D")

It is not clear why counsel included information about his discussion with applicant about her appeal. That was not a claim in the habeas application, and applicant did not mention in her affidavit anything about counsel's failure to pursue the appeal. Counsel's affidavit was filed in June, 2013, which was almost three years after the court indicated it had directed her letter to counsel. There is no indication in the court file that counsel ever responded to applicant back in 2010.

While the first correspondence applicant had with the court was approximately seven months after the Notice of Appeal was due, applicant suggests that supports her claim that counsel told her he would file her notice of appeal. She indicated in her letter

to the court that she had been attempting to contact her attorney, and followed up with another letter. Nowhere did she indicate that she had changed her mind, and now wanted to pursue her appeal. While the denial of her right to appeal was not an issue in this case, applicant suggests the statements made in counsel's affidavit call into doubt the credibility of his other statements, including the claim that he told applicant she would have to serve one-half of her sentence "day for day".

### b) Failure to explain lack of objection to harmful instruction

Applicant further suggests that counsel's statements are not internally consistent. He admits that applicant had a question about the language in the jury charge, which clearly stated she was eligible for good conduct time. If counsel is to be believed, he would have had to tell applicant that the court's charge was wrong. Had counsel recognized that, he surely would have pointed it out to the court, and lodged an objection. As it was worded, the Court's charge was harmful because it led the jurors to believe that applicant could be released before serving one-half of her sentence.

### c) Inaccurate statement concerning plea offer

In addition to the above statements, counsel also misrepresented the plea agreement. In his affidavit he claims that the only offer was 20 years on each case, with the sentences to be stacked. As noted above, however, that clearly was not correct. Before the State made the offer applicant ultimately accepted, she turned down an offer of 20 years. If counsel cannot correctly relate on such an important fact as the terms of the plea offer, applicant suggests the accuracy of his other statements must also be questioned.

*Court's finding on harm*

As previously noted, the trial court found the State's offer was "overly generous". That assumes applicant believed there was a real possibility that she would receive maximum sentences on both indictments. However, the record shows that applicant was actively seeking probation. She filed her application, and presented evidence to convince jurors that was the appropriate punishment. Additionally, she must have believed she had the chance to receive a sentence under twenty years, since she turned down that offer. This is not such a clear cut case that any reasonable person would see the benefit in accepting the state's offer. Instead, there is every reason to credit the statement of applicant that she would not have pled guilty had she known that she would have to serve one-half of her sentence without any credit for good conduct time.

WHEREFORE, PREMISES CONSIDERED Applicant requests the court reconsider its prior order, and withdraw its order denying relief.

Respectfully submitted,


/s/ Walter M. Reaves, Jr.
Walter M. Reaves, Jr.
100 North 6th, Suite 802
Waco, TX 76701
(254) 296-0020
FAX (877) 726-4411
TBA# 16644200


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Suggestion for Reconsideration has been served on the District Attorney's office for Hardin, Texas, on September 26, 2016.

/s/ Walter M. Reaves, Jr.
Walter M. Reaves, Jr.

EXHIBIT "A"

S/M INC., DALLAS FORM CLD

| Number of Case | STYLE OF CASE | ATTORNEYS | OFFENSE | DATE OF FILING | | |
|---|---|---|---|---|---|---|
| | | | | Month | Day | Year |
| | THE STATE OF TEXAS | Daniel Stuffield — State | Intoxication | 2 | 10 | 09 |
| 19,331 | vs. | R.F. Mako | Manslaughter | | | |
| | Kimberly Gaye Brown | | | Information, Index or Indictment | | |
| | | | | Fee Book | | |
| | Defendant | | | Vol. | Page | |

ORDERS OF COURT

| Date of Orders | | | | Minute Book | |
|---|---|---|---|---|---|
| Month | Day | Year | | Vol. | Page |
| | | | WITNESSES | | |

Was Stenographer Used

Oct 13 2009 — Jury seated, sworn to instruct Jury, Recess for day.

Charge conference — Chambers 8895

Oct 14 2009 — Defendant/atty, State present. Jury present to instruct Jury. Jury present to instruct Jury. Jury informed of State's Rule. Motion to present — Jury informed of Rule's Place, Rule invoked — witnesses sworn instructed. Recess aside.

Motion opening: Evidence heard. Dale Williams, DOD Res.

State X-4-admitted — VS admitted — X-6 VA Records

Clyde Brown, Tommy Robinson, Recess — VA court recall. Ronnie Hutchinson — Tony See, Kevin Brewster, Ricky Bryant.

Thomas Miller, Albert Summons, Jury out for Jury recess for pictures. Vonde Recas, Lyle Ashworth, Shirley Pugh, David See. State Rests — Defense to proceed to Evidence. Recess for day.

Oct 15 2009 — Trial resumes. Opening statement. Evidence heard. Lucille Smith, Kimberly Jane Brown, Recess — Evidence. Evidence heard. Kimberly Brown, Marvin Helsing, Recess for day. Noon

| Date of Orders | | | ORDERS OF COURT | Minute Book | | PROCESS |
|---|---|---|---|---|---|---|
| Month | Day | Year | | Vol. | Page | |
| Oct | 13 | 2004 | See Docket #19331 for docket entries EBSK | | | |
| Oct | 14 | 2004 | See Docket #19331 for docket entries EBSK | | | |
| Oct | 15 | 2004 | See Docket #19331 for docket entries EBSK | | | |
| Oct | 16 | 2004 | See Docket #19331 for docket entries EBSK | | | |
| Oct | 19 | 2004 | Judgment of Conviction signed EBSK | | | |

| Date of Orders | | | ORDERS OF COURT | Minute Book | | PROCESS |
|---|---|---|---|---|---|---|
| Month | Day | Year | | Vol. | Page | |
| Oct | 15 | 2009 | Evidence - Annie Tante; Ruby Buffington; Euphemia Brugfee doing Brinic of Herbots; Recess - Jason Berry; Hanse Brown; Linda Sims; Kimberlyke Brown. Defendants Recess. No Rebuttal - Rijndar et Closed. Card Green. - Charge Conference in Chambers. | | | |
| Oct | 16 | 2009 | Suspect for Objections to Charge. - No objection by State or Defendants. Charge read to Jury. Jury argument - Cope to Jury - Recess. Note 1 fm Jury. Note 2 fm Jury. Verdict of Jury accept Redt Received - 30 yrs TDCJ w/ $10,000 fine. Recess for testimony - 2nd Recess. Victim Impact Stint - Amber Tante, Brenda Culen, Carrie Lee, Amanda Bagley, Brian Markudale, Ramon Morrison, Maryjane Hollytides; Kristey Lee, David Lee. Showing been found of pleaded guilty, the Court sentences A to 30 yrs TDCJ w/ $10,000 fine per jury verdict. Judgment of Conviction approved. | | | |
| Oct | 12 | 2009 | | | | |

S/M INC., DALLAS FORM CLD

| | DATE OF FILING | | |
|---|---|---|---|
| | Month | Day | Year |
| | 2 | 10 | 09 |
| | | | |

**Number of Case**
19333

**STYLE OF CASE**

THE STATE OF TEXAS
vs.

Kimberly Gore Brown
4575 Harding Dr.
Beaumont, TX 77703
W/F DOB: 1-9-63

Defendant

**ATTORNEYS**

David Sheffield    State

R.F. Houka

Information, Index or Indictment

**OFFENSE**

Intoxication
Manslaughter

Fee Book
Vol.          Page

WITNESSES

Jail

A BETTER DEAL DWK

ORDERS OF COURT

Was Stenographer Used

| Date of Orders | | | | Minute Book | |
|---|---|---|---|---|---|
| Month | Day | Year | | Vol. | Page |

| 2 | 10 | 09 | Bail allowed and bond set $ 250,000.00 | | |

3  3  09   6/1/09 - 7/6/09

Aug 3 2009   Order Denying Motion to Instrument CRSM
On Trial conducted EBSM
Recd 8/28/09  6/1/09

Sept 9 2009  Reg # 19331 for docket setting
Jail & Present wanty. Plea of Guilty. Finding of
Guilty. Deference to be sent by jury. No Headley EBSM
Jury waived & Voir Dire conducted. A M/ Mistrial
(superseding by Band) granted w/no objection from State.
Bond waived. Appeared in custody. No Bond. Cross
deficiency not for Sentence + trial Oct 13, 2009 E. Dave K
Hearing on Motion Confinency EBSM

Oct 10 2009  Order ... 

Sept 14 2009  Hearing on Application for Habeas Corpus see docket # 19331 CRSM

Oct 7 2009  Recompsime M/Change of Venue See docket # 19331 EBSM

| Date of Orders | | | ORDERS OF COURT | Minute Book | | PROCESS |
|---|---|---|---|---|---|---|
| Month | Day | Year | | Vol. | Page | |
| Sept | 9 | 2009 | A Mistrial (deported jury panel) granted w/ no objection from State. Bond revoked. Released in custody. No bond. Case APPEALED. Set for punishment — Filing Oct 13th — Earl [signature] | | | |
| Sept | 10 | 2009 | Order setting hearing on Atkins on Continue for 9/14/09 @ 2 P.M. — Earl [signature] | | | |
| Sept | 14 | 2009 | Appearance w/ atty. Bench issues "Ready." Opening Statement by — Nona Boy Shari — Opening Statement by — Nona Boy Shari — Opening Systems — Donis Jeffcoat, Myrna Holmberg, Harold Brown, Linda Sims — Marci Brucat, Kimberly Brown, Thomas Posts — State Rests — Final Arguments — Application for Writ of Habeas Corpus — Denied. Earl [signature] | | | |
| Sept | 15 | 2009 | Subpoena duces Tecum Issued. Earl [signature] | | | |
| Oct | 7 | 2009 | Appearance w/ atty. State "Ready." State "Ready." Continued hearing on 8h/Change of Venue — Opening Statements — Everilda Chau & Angel San Juan, Dawes Howell, Arthur Gray, Donis Jeffcoat, Marcos Rosas, State Rests (no court questions) — Final Argument — Mitigating of Venue Denied — Earl [signature] — State's Inter... recess. Board in Chambers w/ counsel & atty. M/S... Acres Good Cause Appeals [signature] | | | |
| Oct | 13 | 2009 | Jury Panel sworn and qualified. Recess. Appearance w/ atty. State present — Jury Panel instructed. Voir dire conducted by State. Request to begin — 10:00 oficio care of for lunch — Recess 11:15 — Court resumes — Further voir dire by State — No status objection — 1:00 Voir dire resumes — Recess 1:18 Voir dire resumes — 1:30 Latto issues and voir dire. Voir dire adjourned. No struck for cause — Strike for cause — 14, 82, 23, 24, 29, 30, 34, 36, 41, 50 & 54. Recess | | | |

S/M INC., DALLAS FORM GLD

| Number of Case | STYLE OF CASE | ATTORNEYS | OFFENSE | DATE OF FILING | | |
|---|---|---|---|---|---|---|
| | | | | Month | Day | Year |
| 19333A | THE STATE OF TEXAS | David Sheffield | State Writ of Hab. Corpus | 1 | 18 | 13 |
| | vs. | | 11.07 | Information, Index or Indictment | | |
| | Kimberly Core Brown | | | | | |
| | W/F DOB: 1/9/1963 | | | Fee Book | | |
| | | | | Vol. | | Page |
| | Defendant | | | | | |

ORDERS OF COURT

| Date of Orders | | | | Minute Book | |
|---|---|---|---|---|---|
| Month | Day | Year | | Vol. | Page |
| | | | Was Stenographer Used | | |
| Feb | 20 | 2013 | Order Adopted Conclusions | | |
| Aug | 12 | 2013 | Finding of fact conclusion of law w/ letter Agr'd | | |

WITNESSES

S/M INC., DALLAS FORM CLD

| Number of Case | STYLE OF CASE | ATTORNEYS | OFFENSE | DATE OF FILING | | |
|---|---|---|---|---|---|---|
| | | | | Month | Day | Year |
| 19331A | THE STATE OF TEXAS | David Sheffield | State Writ of Hab. Corpus 11.07 | 1 | 18 | 13 |
| | vs. | | | Information, Index or Indictment | | |
| | Kimberly Core Brown | | | | | |
| | | | | Fee Book | | |
| | W/F DOB: 1/9/2013 | | | Vol. | Page | |
| | | Defendant | | | | |

ORDERS OF COURT

WITNESSES

| Date of Orders | | | Was Stenographer Used | Minute Book | |
|---|---|---|---|---|---|
| Month | Day | Year | | Vol. | Page |
| Feb | 22 | 2013 | Order Designating Issues |
| May | 9 | 2013 | Letter to Counsel. 2 pages |
| Aug | 12 | 2013 | Findings of Facts & Conclusions of Law w/ letter signed Earl Stover |

E/M INC., DALLAS FORM CLO

CRIMINAL DOCKET

| Number of Case | STYLE OF CASE | ATTORNEYS | OFFENSE | | DATE OF FILING | | |
|---|---|---|---|---|---|---|---|
| | | | | | Month | Day | Year |
| 19331 | THE STATE OF TEXAS vs. | David Sheffield | Intoxication Manslaughter | | 2 | 10 | 09 |
| | | R.F. [signature] | State | | Information, Index or Indictment | | |
| | Kimberly Gore Brown | | | | Fee Book | | |
| | 4575 Harding Dr. | | | | Vol. | | Page |
| | Beaumont, TX 77703 | | | | | | |
| | W/F DOB: 1-9-63 | | | | | | |
| | Defendant | | | | WITNESSES | | |
| | | | | | Jail | | |
| | | | | | A BETTER Deal Bz | | |

ORDERS OF COURT

Was Stenographer Used

| Date of Orders | | | | Minute Book | |
|---|---|---|---|---|---|
| Month | Day | Year | | Vol. | Page |
| 2 | 10 | 09 | Bail allowed and bond set $ 250,000.00 | | |
| Aug 3 2009 | | | Order Setting [illegible] Pre-Trial Conducted [initials] | | |
| 8 3 09 | | | Reset 5/28/09 - 6/9/09 | | |
| Aug 12 2009 | | | [illegible] D.A. Aymond [initials] | | |
| Aug 26 2009 | | | State present [illegible] Pre-Trial Conducted | | |
| | | | [illegible] State + Defense [illegible] Ready on [illegible] continued [initials] | | |
| Sept 9 2009 | | | State + Defendant [illegible] A's [illegible] [illegible] State elects to proceed with all 4 counts. [illegible] overruled [initials] | | |
| | | | [illegible] Plea of Guilty. Finding of Guilt. [illegible] set by Jury. No [illegible] [initials] [illegible] Voir Dire conducted [illegible] | | |

EXHIBIT "B"

The Honorable Judge Stover,
   MR. Horka had told me following my sentencing, that he would file an appeal on my behalf. I've been unable to contact him.
   Could you please tell me what the status is on my appeal?

Sincerly,
Kimberly Brown

Cause Numbers:
19331; 19333

Kimberly Brown #1603404
Mountain View Unit
2305 Ransom Rd.
Gatesville, Tx. 76528

FILED FOR RECORD
10 JUN 25 PM 2:54

Ms. Brown,

   As of this date, there has been no appeal filed in either of your cases. You need to contact Mr. Horka personally at his address: 125 MLK
                                    Silsbee, Tx 77656

                                    404-385-2000

Or you might have some of your family to contact him.

Vickie Cross
Deputy

EXHIBIT "C"

FILED FOR RECORD
10 SEP -2 AM 11:30

District Judge EARL B. STOVER III,

This is the 3rd letter I've written concerning my appeal. I told Mr. Horka at my sentencing I wanted to file an appeal. He came to the jail a few days later, and talked to me about filing that Appeal. He said he would file it.

According to, Vickie Cross, at the Clerk's office, he has not filed an appeal in either of my cases. He ignores my letters,

I am seeking instructions on, "ineffective Counsel & Notice of Appeal."

<u>Roe v. Flores-Ortega 528 U.S. 470, 477 (2000)</u>, states: "When a defendant instructs counsel to file an appeal, the filing of a notice of appeal is a purely ministerial task, and the lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable."

Also, Mestas v. State, 214 S.W. 3d 1, 4 (Tex. Cr. App. 2007), states Appellate timetable is reset if Applicant was deprived of appeal, to the time of sentencing, and the applicant may even file a second motion for a new trial.

I NEED your assistance in this matter. I have no funds and would request a court appointed lawyer to represent me, in the APPEAL.
— over —

16 0 3404

Sincerly,

Kimberly Brown

Kimberly Brown #1603404
Mountain View Unit
2305 Ransom Rd.
Gatesville, Tx. 76528

P.S. Sir, I do realize that with a guilty plea, there are very limited avenues in which one can appeal. I however, have merit for appeal.

Exhibit "D"



:D FOR RECORD

10 SEP -2 AM 11: 20

# EARL B. STOVER, III

DISTRICT JUDGE
88th Judicial District
Hardin and Tyler Counties, Texas

Linda Kellum
Court Coordinator, CLA
Debby McGregor
Official Court Reporter
Arthur Guy
Official Court Bailiff

Post Office Box 607
Kountze, Texas 77625
Telephone: (409) 246-5151
Tyler County Courthouse
Woodville, Texas 75979
Telephone: (409) 283-5334

#19333

September 1, 2010

Ms. Kim Brown
#1603404
Mountain View Unit
2305 Ransom Rd
Gatesville, Texas 76528

Dear Ms. Brown:

I have sent your letter to your attorney, Mr. Bo Horka.

This Court has no further jurisdiction over your case. You may wish to consult the State Counsel for Offenders.

Sincerely yours,

Judge Earl Stover
88th Judicial District Court

cc: Mr. Bo Horka